IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30170
Conference Calendar
_____


HORACE PIERSON,

                                        Petitioner-Appellant,

versus

RICHARD STALDER ET AL.,

                                        Respondents-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. CA-94-3474-I
- - - - - - - - - -

August 22, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Horace Pierson was convicted in 1973 of second degree murder
and sentenced to life without benefit of parole for twenty years.
After exhausting state remedies, he filed this petition for a
writ of habeas corpus arguing that his sentence violated the Ex
Post Facto Clause.  The district court dismissed Pierson's
petition with prejudice pursuant to Rule 9(b) of the Rules

_____

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

Governing Section 2254 Cases for abuse of the writ.

Pierson raises three issues on appeal: 1) whether his petition should have been dismissed under Rule 9(b) when the respondent did not claim that defense in the state's last highest court; 2) whether his sentence is a violation of the Ex Post Facto Clause; and 3) whether his guilty plea was as a result of an unkept plea bargain.[**]

The fact that Pierson raised a similar claim in the context of whether his guilty plea was voluntary demonstrates that the claim was available to him and could have been raised in a previous petition. Pierson's argument that the claim was unavailable is false. Pierson's alleged lack of "legal knowledge" does not constitute cause. Saahir v. Collins, 956 F.2d 115, 118-19 (5th Cir. 1992). Because there is no constitutional right to counsel in a habeas proceeding, ineffective inmate counsel in preparing his previous habeas corpus petitions cannot constitute cause. See Johnson v. Hargett, 978 F.2d 855, 859 (5th Cir. 1992), cert. denied, 113 S. Ct. 1652 (1993). The State was not required to raise abuse of

---

[**] Issue 2 goes to the merits of his claim, which this court will not address given the affirmance of the district court's dismissal for abuse of the writ. Issue 3 was not raised in the district court. This court need not address issues not considered by the district court. "[I]ssues raised for the first time on appeal are not reviewable by this [C]ourt unless they involve purely legal questions and failure to consider them would result in manifest injustice." Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) (internal quotations and citations omitted). This issue was raised in one of Pierson's previous habeas petitions dismissed for abuse of the writ in 1993. See Pierson v. Ieyoub, Civil Action No. 93-3170. There would be no manifest miscarriage of justice in refusing to consider it now.

the writ under Rule 9(b) in state court.  This defense applies only in federal court.  Pierson has not shown cause.  See McCleskey v. Zant, 499 U.S. 467, 493-94 (1991).

Even if the petitioner cannot show cause and prejudice, failure to raise a claim in an earlier petition may be excused if the petitioner can show that a fundamental miscarriage of justice would result from failure to consider the claim.  A fundamental miscarriage of justice implies that a constitutional violation probably caused the conviction of an innocent person.  McCleskey, 499 U.S. at 494-95; Saahir, 956 F.2d at 119.  Pierson has not shown that a fundamental miscarriage of justice would occur.

The district court did not abuse its discretion in dismissing Pierson's petition for abuse of the writ.  Hudson v. Whitley, 979 F.2d 1058, 1062 (5th Cir. 1992).  The judgment of the district court is AFFIRMED.